23 F.3d 400
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Charles Randall FREEMAN, Plaintiff Appellant,
v.
John L. SCARBOROUGH, States Attorney; Benjamin D. COWLEY,
Assistant States Attorney; Marilyn R. Connell, Paternity &
Support; Nelson D. Stubbs, Clerk of Circuit Courts for
Cecil County, Defendants Appellees.
 No. 93-6251.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 25, 1993.
Decided May 5, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-92-1958-WN)
 Charles Randall Freeman, appellant pro se.
 D.Md.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles Randall Freeman appeals from the district court's order denying his motions for post-judgment relief. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Freeman v. Scarborough, No. CA-92-1958-WN (D. Md. Feb. 23, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Construing Freeman's letters liberally, see, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978), the district court properly considered the letters as motions to alter or amend judgment, pursuant to Fed.R.Civ.P. 59(e), and concluded that Freeman's motions were untimely. Although not considered by the district court, we find Freeman is not entitled to relief from the judgment, under Fed.R.Civ.P. 60(b), because of his inability to satisfy the requisite showing for such relief. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir.1987) (requiring proof of timeliness, availability of a meritorious claim, and lack of undue prejudice to opposing party, in addition to one or more of the six grounds for relief enumerated in Rule 60(b))